**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>    Plaintiff,<br><br>v.<br><br>J. FRANZ, et al.,<br><br>    Defendants. | Case No. 17-cv-00339-BLF<br><br>**ORDER GRANTING PLAINTIFF DARRYL BURGHARDT'S MOTION TO SEAL** |

Before the Court is Plaintiff Darryl Burghardt's ("Burghardt") administrative motion to file under seal portions of Burghardt's Brief Supporting Appointment of Counsel or Guardian Under Rule 17(c) and Exhibit B to the Declaration of Elizabeth K. Boggs in Support of Brief Supporting Appointment. *See* ECF 25. The time has passed for Defendants to oppose the motion to seal and they have not filed an opposition. For the reasons stated below, the motion to seal is GRANTED.

## I. LEGAL STANDARD

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is

'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id.* at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id.* at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed Burghardt's sealing motion and the declaration of Elizabeth K. Boggs in support thereof. According to the declaration, portions of the brief supporting appointment of counsel or guardian under Rule 17(c) should be sealed because they contain Burghardt's confidential medical and psychiatric records. *See* Boggs Decl. iso Motion to Seal ¶ 6, ECF 25-1. The highlighted portions of the brief that Burghardt requests to seal largely consist of references and quotations taken from his medical records that are submitted as Exhibit B to the declaration of Elizabeth K. Boggs in support of brief supporting appointment. *See* ECF 25-4 ("Brief Supporting Appointment"), ECF 25-6 ("Exhibit B"). Therefore, Burghardt also requests to seal Exhibit B in its entirety because the excerpts of Burghardt's medical records contain private and sensitive medical and psychiatric information regarding Burghardt's health.[1]

The Court finds that the "good cause" standard applies to Burghardt's sealing motion, as the motion to appoint counsel or guardian under Rule 17(c) is non-dispositive and only

---

[1] Counsel for Burghardt explains that she made a request for Burghardt's medical and psychiatric records to the California State Prison – Sacramento and received a voluminous box of paper records, of which she submits only certain relevant excerpts in Exhibit B. *See* Boggs Decl. iso Brief Supporting Appointment of Counsel or Guardian under Rule 17(c), ECF 26-1, ¶¶ 3-5.

2

"tangentially related to the merits of [the] case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138). Burghardt has made such a showing of good cause, as the excerpts from the Brief Supporting Appointment and Exhibit B contain Burghardt's confidential personal information, they are appropriately sealable.

In fact, Burghardt's motion likely satisfies the more stringent "compelling reasons" standard to seal as well. *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015) (granting motion to seal deposition testimony of psychotherapist as well as handwritten notes and bills from psychotherapy sessions under compelling reasons standard due to the plaintiff's "interest in preserving the privacy of her sensitive mental health records.") (citing *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.,* No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D.Cal. Jan. 10, 2011)). Because the redacted excerpts from Burghardt's Brief Supporting Appointment and Exhibit B contain references to Burghardt's sensitive medical and psychiatric history, the Court finds that both good cause and compelling reasons exist to keep them under seal.

Moreover, Burghardt's request is narrowly tailored to sealable material—Burghardt's medical and psychiatric information—and does not extend to the legal arguments or other non-sealable information in Burghardt's brief. Civil L.R. 79-5(b).

## III. ORDER

For the foregoing reasons, the sealing motion at ECF 25 is GRANTED and the excerpts of Burghardt's Motion to Appoint Counsel or Guardian Under Rule 17(c), and Exhibit B to the Boggs Declaration in support thereof, may be filed under seal. *See* ECF 26, 26-3.

Dated: January 5, 2018

BETH LABSON FREEMAN
United States District Judge