# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. FRANZ, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00339-BLF<br><br>**ORDER DENYING IN PART AND GRANTING WITH LEAVE TO AMEND IN PART DEFENDANTS BRAGGER, FRANZ, AND KELLEY'S MOTION TO DISMISS**<br><br>[Re: ECF 56] |

Before the Court is Defendants K. Bragger, J. Franz, and G.A. Kelley's[1] motion to dismiss Plaintiff Darryl Burghardt's First Amended Complaint. Mot., ECF 56. In his complaint, Plaintiff claims various civil rights violations against Defendants, who work or worked in Pelican Bay State Prison when Plaintiff was an inmate there. For the reasons discussed below and as stated on the record at the hearing on August 1, 2019, the motion is DENIED IN PART AND GRANTED WITH LEAVE TO AMEND IN PART.

## I. BACKGROUND[2]

In August 2012, Plaintiff was an inmate at Pelican Bay State Prison. First Am. Compl. ("FAC") ¶ 10, ECF 53. On August 19, 2012, Plaintiff began requesting a custody form. *Id.* On August 27, 2012, during the breakfast meal, Plaintiff asked Defendants Franz and Graham (correctional officers at the prison) to provide him a custody form or to summon a supervisor. *Id.* ¶ 12. Franz and Graham refused both requests. *Id.* ¶ 13. As a result of these refusals, and in

---

[1] Plaintiff has not been able to successfully serve Defendant R. Graham.
[2] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

an attempt to attract a supervisor's attention, Plaintiff withheld his food tray. *Id.* ¶ 14. In response, Franz threatened to restrict Plaintiff's food and access to program. *Id.* ¶ 15. Graham told other inmates housed in Plaintiff's section that Plaintiff was responsible for the delay in program. *Id.* ¶ 16. Franz filed a rules report violation regarding Plaintiff's refusal to give up his food tray, which resulted in certain restrictions on Plaintiff's privileges. *Id.* ¶ 18 & Ex. A at 4–5. Later that day, two other officers provided Plaintiff a custody form, and Plaintiff relinquished his tray. *Id.* ¶ 17.

On August 28, 2012, Plaintiff filed an inmate appeal against Franz and Graham based on the August 27, 2012 incidents. *Id.* ¶ 19. When Plaintiff refused to withdraw the grievance, Franz began harassing Plaintiff. *Id.* ¶ 20. On September 14, 2012, Franz deliberately smashed Plaintiff's hand in the food port during the breakfast pick up. *Id.* Plaintiff informed Defendant Kelley of Franz's conduct, including his threats to restrict food and his smashing Plaintiff's hand, but Defendant Kelley did not address Franz's action. *Id.* ¶¶ 21, 24. On September 16, 2012, Plaintiff filed an inmate appeal against Franz based on the September 14, 2012 incident.

After Franz smashed Plaintiff's hand in the food port, Plaintiff's hand was bleeding and in pain. *Id.* ¶ 22 & Ex. C. Plaintiff sought medical attention for his hand. *Id.* ¶ 22 & Ex. C. That same day, Defendant Bragger evaluated Plaintiff. *Id.* ¶ 23. Plaintiff alleges that Bragger denied him appropriate medical treatment by, for example, refusing to refer Plaintiff to an appropriate medical specialist for further treatment and refusing to accurately record Plaintiff's statements in the medical report. *Id.*

The procedural history that followed these events is long and somewhat winding, but also irrelevant to the present motion, so the Court does not recount it here. Suffice it to say that on January 23, 2017, Plaintiff filed the instant civil rights action pro se. ECF 1. On January 31, 2018, Plaintiff was appointed the right to counsel, ECF 34, and on November 13, 2018, Plaintiff's present counsel appeared in this case, ECF 45, 46. On February 22, 2019, pursuant to Court order and the parties' stipulation, Plaintiff filed his First Amended Complaint ("FAC"). ECF 53. In the FAC, Plaintiff asserts the following claims: (1) 42 U.S.C. § 1983 – Violation of the First Amendment (against Franz, Graham, and Kelley); (2) 42 U.S.C. § 1983 – Violation of the Eighth

2

1  Amendment (against Franz and Kelley); and (3) 42 U.S.C. § 1983 – Violation of the Eighth

2  Amendment (against Bragger). *See generally id.*

3  On March 8, 2019, Franz, Kelley, and Bragger (collectively, "Defendants") filed the

4  instant motion to dismiss. ECF 56. The Court held a hearing on the motion on August 1, 2019.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690. However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence*

*Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III. DISCUSSION

Defendants move to dismiss the First Amendment retaliation claim against both Kelley and Franz based on the August 2012 incident, both the First Amendment and Eighth Amendment claims against Kelley, and the Eighth Amendment claim against Bragger.[3]

The Court addresses each argument with respect to each Defendant in turn.

#### A. First Amendment Retaliation Claim Against Franz

Defendants first argue that Plaintiff has failed to state a retaliation claim against Franz based on the August 27, 2012 incident, in which Franz threatened to withhold food and program from Plaintiff. *See* Mot. at 6–7.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016).

Defendants argue that Plaintiff fails to allege only elements one and five—that Franz took an adverse action and that Franz's actions did not serve a legitimate correctional goal. As to the former, Defendants argue that Plaintiff's allegation that Franz "threaten[ed] to restrict Plaintiff's food and access to program" is too vague because it does not specifically identify what Franz threatened to do, such as what food he planned to restrict. Mot. at 7. As to the correctional goal, Defendants argue that Plaintiff fails to demonstrate the restrictions placed on his food were not legitimate punishment for his withholding his food tray. *See id.*

---

[3] Defendants also argued that they are immune from damages claims for claims brought against them in their official capacities, *see* Mot. at 12 – 13, but they withdrew this argument in reply, *see* Reply at 6, ECF 62.

4

United States District Court
Northern District of California

The Court agrees with Plaintiff that he has sufficiently alleged a claim of retaliation against Franz. As an initial matter, Plaintiff alleges that in September Franz smashed Plaintiff's hand as a direct result of Plaintiff's refusal to withdraw the grievance he had filed in August 2012. *See* FAC ¶¶ 19–20. As alleged, this action was both adverse and without a legitimate correctional goal. Indeed, Defendants do not argue to the contrary. Thus, Plaintiff's First Amendment claim against Franz survives on this ground alone.

Moreover, Plaintiff's allegations with respect to Franz's August threat to withhold Plaintiff's food in response to Plaintiff's request for a custody form is similarly sufficiently pled. Plaintiff provides sufficient detail to plausibly allege that Franz committed the adverse action of threating to withhold food or program from Plaintiff. *See Shepard*, 840 F.3d at 689 ("'[T]he mere threat of harm can be an adverse action' in the retaliation context." (quoting *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009)). These allegations are sufficiently detailed to put Defendants on notice under Federal Rule of Civil Procedure 8 of the bases of the claim against Franz, namely that he acted adversely by threatening to withhold food. *See* FAC ¶¶ 13–15, 45.

Plaintiff also plausibly alleges that there was no legitimate correctional goal for Franz's threat. Though Plaintiff refused to return his tray, the FAC alleges that Franz refused the custody form *before* Plaintiff refused to return his tray. *See id.* ¶ 14. Thus, Franz's alleged retaliatory actions began before Plaintiff's potential wrongdoing, such that, drawing all inferences for the Plaintiff and accepting his allegations as true, Franz's threat to withhold food was a response to the request for the custody form, not a response to the tray being withheld. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)).

Thus, Defendant's motion to dismiss Plaintiff's First Amendment claim against Franz is DENIED.

### B. Claims Against Defendant Kelley

Defendants next moves to dismiss both the First Amendment and Eighth Amendment claims against Defendant Kelley, who was Franz's supervisor at the relevant time, because Plaintiff has not alleged that Kelley was sufficiently involved in any deprivation of Plaintiff's constitutional rights. *See* Mot. at 8–9.

An official who is a supervisor may be held liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* (internal quotation marks and citation omitted) (alterations in original). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* (internal quotation marks and citation omitted).

The Court agrees with Defendants that Plaintiff has not stated a claim against Defendant Kelley. Plaintiff alleges that he told Kelley about Franz's actions in September *after* both of Franz's allegedly retaliatory and harmful actions (withholding food and smashing Plaintiff's hand). FAC ¶ 21. Plaintiff does not allege that Kelley knew about these acts before they occurred. Thus, Plaintiff has not alleged that Kelley either set in motion Franz's acts or knowingly refused to terminate them. Moreover, Plaintiff does not allege any facts showing that Kelley knew or should have known that Defendant Franz would retaliate against or harm Plaintiff in these ways. Nor does Plaintiff allege some failure by Kelley in training, supervision, or control of Franz. Finally, though Plaintiff eventually informed Kelley of Franz's actions after the fact, Plaintiff does not allege the Franz performed any other unconstitutional acts *after* Plaintiff informed Kelley of Franz's previous actions, or that Plaintiff was injured by any acts subsequent to his informing Kelley of Franz's allegedly unconstitutional acts. Thus, Plaintiff has not sufficiently alleged that Kelly was involved in any way in any unconstitutional acts by Franz.

Because Plaintiff may be able to cure these deficiencies with amendment, Plaintiff's First Amendment and Eighth Amendment claims against Kelley are DISMISSED WITH LEAVE TO AMEND.

**C. Eighth Amendment Claim Against Bragger**

Defendants move to dismiss Plaintiff's Eighth Amendment claim against Defendant Bragger because neither of Plaintiff's theories of deliberate indifference—that Bragger failed to accurately record Plaintiff's statements and failed to refer him to a specialist—are plausibly pled. *See* Mot. at 10–12.

"A prison official cannot be found liable under the [Eighth Amendment] for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. In other words, the official must demonstrate a subjective awareness of the risk of harm." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (internal quotation marks and citation omitted). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (alteration in original) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation omitted).

The Court agrees with Defendants that Plaintiff fails to plausibly plead a serious medical need and that Bragger was deliberately indifferent toward that need. Plaintiff alleges that Franz

"deliberately smashed Plaintiff's hand in the food port" and that, as a result, Plaintiff's hand was in pain and bleeding. FAC ¶¶ 20, 22. These facts are not sufficient to demonstrate that Plaintiff had a "significant injury" of a type "a reasonable doctor or patient would find important and worthy of comment or treatment." *Lopez*, 203 F.3d at 1131. On these allegations alone, it is possible that Plaintiff's hand was bleeding due to a mere scratch or that the pain was minimal, such that it did not warrant treatment. Thus, it is equally possible on these allegations that Plaintiff's injury was only minor, which is not sufficient to amount to a serious medical need. *See, e.g.*, *MacFalling v. Nettleton*, No. 17-CV-2399-SVW, 2017 WL 3498616, at *7 (C.D. Cal. Aug. 15, 2017) (finding no serious medical need alleged where too-tight handcuffs caused cuts, abrasions, and swollen hands, because the plaintiff did not allege that the symptoms persisted); *Telles v. Stanislaus Cty. Sheriff's Dep't*, No. 1:10-CV-01911 AWI, 2011 WL 2036962, at *4–*5 (E.D. Cal. May 24, 2011) (finding no serious medical need alleged where plaintiff alleged only that he incurred substantial cuts and bruises after other inmates whipped him with chains, but he did not allege the extent of his injuries).

Moreover, Plaintiff has failed to plausibly plead that either of Bragger's alleged failures constitutes deliberate indifference to an excessive risk to Plaintiff's health, or that the failures injured Plaintiff. As to Bragger's failure to accurately record Plaintiff's statements, FAC ¶ 23, Plaintiff has not alleged how this failure caused him any harm, or that Bragger's failure to properly document Plaintiff's statements was intentional or demonstrates deliberate indifference to Plaintiff's alleged injury. As alleged, Bragger's failure demonstrates, at most, a lack of due care. *See Farmer*, 511 U.S. at 835. Likewise, Plaintiff has not plausibly alleged that Bragger's failure to refer Plaintiff to an appropriate medical specialist constitutes deliberate indifference. Even if Plaintiff had alleged that his hand injury was sufficiently serious, he has not alleged facts demonstrating that he should have been referred to an appropriate medical specialist, and that Bragger's failure to do so demonstrates intentional indifference to an excessive risk to Plaintiff's health. Again, without more, Plaintiff has not alleged anything more than a mere possibility that Bragger was deliberately indifferent to his medical needs. Moreover, Plaintiff does not allege any harm that the failure to refer may have caused him.

Thus, Plaintiff fails to plead that Bragger acted with deliberate indifference toward Plaintiff. Because Plaintiff may be able to cure these deficiencies with amendment, Plaintiff's Eighth Amendment claim against Bragger is DISMISSED WITH LEAVE TO AMEND.

## IV. ORDER

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint is DENIED IN PART AND GRANTED WITH LEAVE TO AMEND IN PART. Plaintiff's amended complaint is due **on or before 90 days from the date of this Order**. Plaintiff should file a redlined complaint as an exhibit to his amended complaint. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's claims with prejudice. Leave to amend is limited to the defects addressed in the Order. Plaintiff may not add new claims or parties absent express leave of Court.

**IT IS SO ORDERED.**

Dated: August 5, 2019

BETH LABSON FREEMAN
United States District Judge