1

2

3                          **UNITED STATES DISTRICT COURT**

4                          **NORTHERN DISTRICT OF CALIFORNIA**

5                                   **SAN JOSE DIVISION**

6

7    DARRYL BURGHARDT,                          Case No.  17-cv-00339-BLF

8              Plaintiff,

9         v.                                    **ORDER GRANTING IN PART AND**
                                                **DENYING IN PART PARTIAL**
10   J. FRANZ, et al.,                          **MOTION FOR SUMMARY**
                                                **JUDGMENT**
11             Defendants.                      [Re:  ECF No. 98]

12

13        In this case, Plaintiff Darryl Burghardt brings three claims under 42 U.S.C. § 1983 for

14   alleged violations of his First and Eighth Amendment rights during his incarceration at Pelican

15   Bay State Prison.  This order resolves a motion for partial summary judgment brought by

16   Defendants J. Franz, G. Kelley, and K. Bragger.  *See* ECF No. 98 ("MSJ"); *see also* ECF No. 105

17   ("Reply").  Burghardt partially opposes the motion.  *See* ECF No. 103 ("Opp.").  The Court held a

18   hearing on this motion on June 16, 2022.  For the reasons stated below, the Court GRANTS IN

19   PART AND DENIES IN PART the motion for partial summary judgment.

20        "A party is entitled to summary judgment if the 'movant shows that there is no genuine

21   dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of*

22   *Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P.

23   56(a)).  A fact is "material" if it "might affect the outcome of the suit under the governing law,"

24   and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier

25   of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

26   248 (1986).  The party moving for summary judgment bears the initial burden of "produc[ing]

27   evidence negating an essential element of the nonmoving party's claim or defense or show[ing]

28   that the nonmoving party does not have enough evidence of an essential element to carry its

United States District Court
Northern District of California

1    ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, *Inc.*, 210 F.3d

2    1099, 1102 (9th Cir. 2000).    If the moving party meets its initial burden, the burden shifts to the

3    nonmoving party to produce evidence supporting its claims or defenses. *Id.* at 1103.  If the

4    nonmoving party does not produce evidence to show a genuine issue of material fact, the moving

5    party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.  "The court must view the

6    evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the

7    nonmovant's favor." *City of Pomona*, 750 F.3d at 1049.  In judging evidence at the summary

8    judgment stage, the Court "does not assess credibility or weigh the evidence, but simply

9    determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60

10   (2006).

11            As an initial matter, Burghardt does not oppose Defendants' motion for summary judgment

12   as to (1) claims 1 and 2 against Defendant Kelley, and (2) claim 3 as to Defendant Bragger. *See*

13   Opp. at 1 n.2.  Accordingly, Defendants' motion for partial summary judgment will be

14   GRANTED on those claims as to those Defendants, and Defendants Kelley and Bragger will be

15   DISMISSED from the case.

16            The only remaining issue is whether Officer Franz is entitled to summary judgment on

17   claim 1 regarding an incident on August 27, 2012.[1]  On that date, Burghardt requested that Officer

18   Franz provide him with a grievance form.  ECF No. 103-2 ("Burghardt Dep.") 17:6–11; ECF No.

19   98-3 ("Franz Decl.") ¶ 3.  After Officer Franz informed him that he did not have any forms,

20   Burghardt asked to speak to Officer Franz's supervisor, but Officer Franz refused.  Burghardt Dep.

21   17:12–21; Franz Decl. ¶ 3.  To get the attention of a supervisor, Burghardt refused to relinquish

22   his food tray.  Burghardt Dep. 17:22–23, 21:18–20.  After Burghardt refused to give up his food

23   tray, Burghardt says that Officer Franz said words to the effect of, "You're asking for the form.

24   You're lucky you're eating." or, "You're lucky if you eat tomorrow." *Id.* 23:12–19.  Burghardt

25   interpreted these statements as threats that he would not be allowed to eat if he sought to file a

26

27   _____

28   [1] Officer Franz does not move for summary judgment on claims 1 or 2 regarding an incident on September 14, 2012 in which Officer Franz closed a food port on Burghardt's hand. *See* Opp. at 1 n.1.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    grievance against Officer Franz. *Id.* 23:7–9. Officer Franz says that after numerous verbal

2    attempts to get the tray from Burghardt, he told Burghardt that he would be placed on paper-tray

3    status and that he would not receive his evening meal unless he relinquished the tray. Franz Decl.

4    ¶ 3. After Officer Franz's shift was over, Burghardt returned his food tray, and the next day he

5    received and submitted a grievance form against Officer Franz for the threats. Burghardt Dep.

6    26:22–27:16; ECF No. 98-9 at DEF000580 (complaint form). Officer Franz also wrote a Rules

7    Violation Report on Burghardt for his failure to obey a direct order to relinquish his food tray.

8    Franz Decl. ¶ 4. No food was withheld from Burghardt. Burghardt Dep. 23:20–25.

9         Officer Franz argues that he is entitled to qualified immunity for the course of conduct on

10   August 12 because no reasonable jury could find that his statement amounted to a threat of

11   retaliation. MSJ at 14–17; Reply at 2–3. Burghardt maintains that there is a genuine dispute of

12   material fact as to whether the statement amounts to a threat of retaliation, so Officer Franz is not

13   entitled to qualified immunity. *See* Opp. at 5–8.

14        "The doctrine of qualified immunity protects government officials from liability for civil

15   damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or

16   constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

17   conduct.'" *Wood v. Moss*, 572 U.S. 744, 745 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731,

18   735 (2011)). On the first prong, the Court examines whether, "taken in the light most favorable to

19   the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a

20   constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). On the second prong, the Court

21   looks to whether the constitutional right was "clearly established"—that is, "whether it would be

22   clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at

23   202. "The clearly established right must be defined with specificity." *City of Escondido v.*

24   *Emmons*, 139 S. Ct. 500, 503 (2019). A court may exercise discretion in determining the order of

25   analyzing the two prongs. *Pearson v. Callahan*, 555 U.S. 223, 241–42 (2009).

26        The parties agree that at prong two, it was clearly established by 2012 that a mere threat of

27   harm, regardless of whether it was carried out, can amount to an adverse action for a First

28   Amendment retaliation claim. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[A]

3

United States District Court
Northern District of California

1   retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment

2   rights."); Opp. at 8; Reply at 2.  The dispute for this motion is at prong one—whether Officer

3   Franz's statement amounted to a threat of retaliation such that he violated Burghardt's First

4   Amendment rights.  The Court finds that, taking the facts in the light most favorable to Burghardt,

5   Officer Franz made statements "that a reasonable factfinder could . . . interpret as intimating that

6   some form of punishment or adverse regulatory action would follow."  *Brodheim*, 584 F.3d at

7   1270 (quoting *Okwedy v. Molinari*, 333 F.3d 339, 343 (2d Cir. 2003)).  The statements, "You're

8   lucky you're eating" and "You're lucky if you eat tomorrow" (or words to that effect) could be

9   reasonably interpreted as a threat that food would be withheld from Burghardt if he obtained and

10   submitted a grievance form.  A jury must resolve whether Officer Franz made those statements

11   and whether such statements were reasonably interpreted as threats of harm in retaliation for

12   seeking to file a grievance.

13          For the foregoing reasons, the motion for partial summary judgment is GRANTED IN

14   PART AND DENIED IN PART as follows:

15          • Defendants' unopposed motion for summary judgment on claims 1 and 2 as to

16              Defendant Kelley and claim 3 as to Defendant Bragger is GRANTED, and

17              Defendants Kelley and Bragger are DISMISSED from this case; and

18          • Defendants' motion for summary judgment on claim 1 as to Defendant Franz

19              regarding the August 27, 2012 incident is DENIED.

20   In light of this order, claim 1 as to Defendant Franz (based on both the August 27, 2012 and

21   September 14, 2012 incidents) and claim 2 as to Defendant Franz (based on the September 14,

22   2012 incident) will proceed.

23

24   Dated:  June 16, 2022

25   _____

26   BETH LABSON FREEMAN
     United States District Judge

27

28

4