UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARRYL BURGHARDT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. FRANZ, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00339-BLF<br><br>**ORDER GRANTING MOTION TO REOPEN CASE AND ENFORCE THE SETTLEMENT AGREEMENT**<br><br>[Re: ECF No. 128] |

In this case, Plaintiff Darryl Burghardt brought claims under 42 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights during his incarceration at Pelican Bay State Prison. Before the Court is Defendant Franz's motion to reopen the case and enforce the settlement agreement. ECF No. 128 ("Mot."). The Court held a hearing on the record on April 6, 2023. *See* ECF No. 138. For the reasons stated on the record and explained below, the Court GRANTS the motion.

**I.   BACKGROUND**

Plaintiff, a state prisoner, filed suit against prison officials at Pelican Bay. ECF No. 1. The Court determined Plaintiff was incompetent to proceed pro se and appointed counsel to represent him. ECF No. 34. After Court Orders on a motion to dismiss and motion for partial summary judgment, *see* ECF Nos. 67, 110, the parties had a settlement conference with Magistrate Judge Illman on July 28, 2022, *see* ECF No. 115. The parties stated as follows:

> THE COURT: All right. The parties have engaged in settlement negotiations today and have reached a resolution in this case of all claims against all parties. So Ms. Nygaard, will you state the material terms of the agreement on the record, please.
>
> [DEFENDANT'S COUNSEL]: Yes. The material terms of the agreement are that CDCR will pay Plaintiff a settlement amount of

$3,750. However, CDCR is obligated under the Penal Code to -- and other sections -- to pay all outstanding liens and any other obligations from this money first. Plaintiff shall sign a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41, which Defendants' or Plaintiff's counsel will file. Plaintiff shall also complete a payee data form to enable payment and credit towards his restitution obligations. CDCR will make a good-faith effort to pay the settlement amount minus any restitution amounts, liens, and fees within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement, the notice of voluntary dismissal with prejudice, and the required payee data form. Payments may be delayed by the lack of a state budget, a funding shortfall, despite a state budget the processing efforts of the State Controller's office, or any other events not attributable to Defendants or CDCR. No other monetary sum will be paid to Plaintiff. Each party shall bear its own costs and attorneys' fees. There are no other actions required on the part of CDCR or Defendants. And this -- this settlement agreement is being entered into with Defendant Franz, CDCR, and all defendants who were potentially parties in this action.

THE COURT: All right. So a general release then?

[DEFENDANT'S COUNSEL]: Yes.

THE COURT: Okay. Mr. Ong, did you have any additions or clarifications to the material terms of the agreement?

[PLAINTIFF'S COUNSEL]: Nothing on my end, Your Honor.

THE COURT: All right. Mr. Burghardt, did you have any clarifications or additions to the material terms of the agreement?

MR. BURGHARDT: No.

THE COURT: Okay. And did you –

MR. BURGHARDT: I don't have anything to say.

THE COURT: Okay. Did you under- --

MR. BURGHARDT: I understand –

THE COURT: You understand the terms and you agree to be bound –

MR. BURGHARDT: -- all of it.

THE COURT: And you agree to be bound by them as well?

MR. BURGHARDT: Yes. Yeah. I don't have anything to say.

THE COURT: All right. And then, Ms. Nygaard, on behalf of CDCR and M- -- Defendant Franz, do you understand the terms as stated and do you agree to be bound by them as well?

[DEFENDANT'S COUNSEL]: Yes. THE COURT: All right. Then I

2

> will inform Judge Freeman that we have a binding agreement in this case, to be reduced to writing to be filed on the record. I will inform her that it will probably be a week to ten days before you guys get it filed on the record. If you need additional time, you just need to file a statement, a joint statement explaining why or something to that effect.

Declaration of J. Nygaard, ECF No. 128-1 ("Nygaard Decl."), Ex. 1 (ECF No. 128-2).

A Minute Entry was filed indicating that the case was settled. ECF No. 115. The Court issued an order directing Plaintiff to file a dismissal or status report by September 26, 2022, and the Clerk closed the case. ECF No. 116. Plaintiff filed a status report indicating that another settlement conference was scheduled. ECF No. 122. The parties had a further settlement conference with Magistrate Judge Illman on October 4, 2022. ECF No. 125. Plaintiff then filed a status report indicating he would not sign the final settlement agreement. ECF No. 126.

Defendant then filed this motion to reopen the case and to enforce the settlement agreement. *See* Mot.; *see also* ECF No. 132 ("Reply"). Plaintiff submitted a letter to the Court explaining why he chose not to sign the settlement agreement. ECF No. 131-2 ("Letter"). The Court held a hearing over Zoom on April 6, 2023, and Plaintiff was in attendance. *See* ECF No. 138.

**II.   LEGAL STANDARD**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). California law provides that oral settlement agreements made before the court are enforceable on motion by the entry of judgment. Cal. Civ. Proc. Code § 664.6.

An enforceable contract exists if there are parties capable of contracting, consent from those parties, a lawful objective, and sufficient consideration. Cal. Civ. Code § 1550. "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230

3

(2004).

### III. ANALYSIS

Defendant argues that the Court should enforce the settlement agreement. *See* Mot.

First, the Court determines the parties are capable of contracting. Under California law, "[a]ll persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights." Cal. Civ. Code § 1556. Courts presume that a party is mentally competent to enter into an agreement. *Wilson v. Sampson*, 91 Cal. App. 2d 453, 459 (1949). Plaintiff states in his letter to the Court that he has been "very depressed, stressed out, and a bit agitated"; his "good judgment tends to be off"; and his "judgment has been poor or negatively effected and [he]'ll end up making foolish decisions." *See* Letter. He further states that after deciding to settle, he returned to his cell and thought about the settlement hearing, and he realized he will not receive much money, if any, because the amount of the settlement is about the same as the amount of money he owes CDCR. *See id.* He also states that after telling Magistrate Judge Illman that he wanted to "renege on [the] deal," he was transferred to Salinas Valley State Prison's Psychiatric Inpatient Program to undergo another incompetency evaluation. *See id.* The Court determines that Plaintiff was capable of contracting. His letter does not indicate he was "of unsound mind." The Court notes that he was represented by counsel. Plaintiff's letter suggests that he merely had a change of heart and not that he was incapable of contracting.

Second, the Court determines that all parties consented. Plaintiff, his counsel, and Defendant's counsel all stated on the record that they understood the material terms of the agreement and agreed to be bound by them. Nygaard Decl., Ex. 1 at 4:22-25, 5:1-3, 5:8-17.

Third, the Court determines that the agreement was to settle the legal dispute, which is a lawful objective. *See Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005) (resolving litigation is a lawful objective for a contract).

Finally, the Court determines that the exchange of $3,750 for the release of claims is sufficient consideration.

The Court finds instructive the Ninth Circuit's decision in *Doi*. In that case, the Ninth Circuit was deciding whether the district court properly enforced a negotiated settlement

agreement where, after the terms were placed on the record and agreed to by all parties in open court, the plaintiff refused to execute a written agreement. 276 F.3d at 1133-34. The Court recognized that the plaintiff "entered into a binding settlement agreement in open court" and that the plaintiff had "failed to demonstrate how any of the terms of the written settlement agreement are in discord with the terms of the agreement stated in open court." *Id.* at 1140. The Court concluded that the district court had not abused its discretion in enforcing the written settlement agreement. *Id.*

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the motion is GRANTED. The Clerk SHALL reopen the case. The Court will ENFORCE the settlement agreement by entering Judgment.

Dated: April 10, 2023

_____
BETH LABSON FREEMAN
United States District Judge